1:17-cv-592 (GTS/DJS)

STATE OF NEW YORK
SUPREME COURT   COUNTY OF SCHENECTADY

---

MARY ANN B. GERSTENBERGER and RUDI
GERSTENBERGER,

        Plaintiffs,

-- against --

TARGET CORPORATION d/b/a TARGET,
and COCA-COLA REFRESHMENTS USA, INC.
d/b/a COCA-COLA,

        Defendants.

---

**SUMMONS**

Index No.:

To the above-named Defendants:

*YOU ARE HEREBY SUMMONED* and required to serve upon Plaintiffs' attorneys an answer to the Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of venue designated above is that Plaintiffs, Mary Ann Gerstenberger and Rudi Gerstenberger, reside in the County of Schenectady and State of New York.

Dated: April 17, 2017.
      Albany, New York.

                                Yours etc.,

                                Tracy L. Bullett, Esq.
                                **TABNER, RYAN & KENIRY, LLP**
                                *Attorneys for Plaintiffs*
                                18 Corporate Woods Boulevard, Suite 8
                                Albany, New York 12211
                                Telephone: (518) 465-9500

STATE OF NEW YORK
SUPREME COURT   COUNTY OF SCHENECTADY

---

MARY ANN B. GERSTENBERGER and RUDI
GERSTENBERGER,

      Plaintiffs,

- against -

TARGET CORPORATION d/b/a TARGET,
and COCA-COLA REFRESHMENTS USA, INC.
d/b/a COCA-COLA,

      Defendants.

---

**COMPLAINT**

Index No.:

Plaintiffs, Mary Ann B. Gerstenberger and Rudi Gerstenberger, by and through their attorneys, **Tabner, Ryan & Keniry, LLP**, as and for a Complaint against Defendants, Target Corporation d/b/a Target, and Coca-Cola Refreshments USA, Inc. d/b/a Coca-Cola, allege:

## PARTIES

1. At all times herein mentioned, Plaintiff, Mary Ann B. Gerstenberger, was and still is a resident of the County of Schenectady, and State of New York.

2. At all times herein mentioned, Plaintiff, Rudi Gerstenberger, was and still is a resident of the County of Schenectady, and State of New York.

3. At all times herein mentioned, Plaintiff, Rudi Gerstenberger, was and still is the husband of Plaintiff, Mary Ann B. Gerstenberger.

4. At all times herein mentioned, Defendant, Target Corporation, was and still is a foreign business corporation organization and existing under the law of the State of Minnesota.

5. At all times herein mentioned, Defendant, Target Corporation, was and still is maintaining offices for the conduct of business at 1000 Nicollet Mall Minneapolis, Minnesota.

6. At all times herein mentioned, Defendant, Target Corporation, was and still is authorized to conduct business within the State of New York.

7. At all times herein mentioned, Defendant, Coca-Cola Refreshments USA, Inc., was and still is a foreign business corporation organization and existing under the laws of the State of Delaware.

8. At all times herein mentioned, Defendant, Coca-Cola Refreshments USA, Inc., was and still is maintaining offices for the conduct of business at 1 Coca-Cola Plaza, Atlanta, Georgia.

9. At all times herein mentioned, Defendant, Coca-Cola Refreshments USA, Inc., was and still is authorized to conduct business within the State of New York.

10. At all times herein mentioned, Defendant, Target Corporation, was and still is doing business in the County of Schenectady under the business name of Target.

11. At all times herein mentioned, Defendant, Target Corporation, has and continues to own, operate, lease, control and maintain a Target retail store located at 428 Balltown Road in the Town of Niskayuna, County of Schenectady and State of New York, offering retail products to the public.

12. At all times herein mentioned, Defendant, Target Corporation, had and still has a special duty to keep its premises safe for the public, and all classes of people who come onto the premises for reasonably foreseeable purposes.

13. At all times herein mentioned, Defendant, Target Corporation, is charged with a nondelegable duty to provide members of the general public, including Plaintiff, Mary Ann B. Gerstenberger, with a reasonably safe premises, including a safe means of passage.

14. At all times herein mentioned, Defendant, Coca-Cola Refreshments USA, Inc., was and still is doing business in the County of Schenectady, under the business name of Coca-Cola.

15. At all times herein mentioned, Defendant, Coca-Cola Refreshments USA, Inc., was and still is doing business within the aforesaid Target retail store located at 428 Balltown Road located in the Town of Niskayuna, County of Schenectady and State of New York.

16. At all times herein mentioned, Defendant, Coca-Cola Refreshments USA, Inc., has and continues to own, lease, control, maintain and operate a Coca-Cola drink machine located inside of the said Target retail store.

17. At all times herein mentioned, Defendant, Coca-Cola Refreshments USA, Inc., had and still has a special duty to keep its machines safe for the public, and all classes of people for reasonably foreseeable purposes.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANT, TARGET CORPORATION, PLAINTIFFS ALLEGE:

18. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs numbered "1" though "17" herein with the same force and effect as if set forth herein at length.

19. On August 11, 2016, Defendant, Target Corporation, leased, owned, operated, controlled and maintained the Target retail store located at 428 Balltown Road in the Town of Niskayuna, County of Schenectady and State of New York.

20. On August 11, 2016, Plaintiff, Mary Ann B. Gerstenberger, was lawfully upon Defendant's premises.

21. On August 11, 2016, Plaintiff's, Mary Ann B. Gerstenberger, presence on Defendant's premises was foreseeable.

5/12/2017    0002221520001    6020170512009843

22. On August 11, 2016, at approximately 1:30 p.m., Plaintiff, Mary Ann B. Gerstenberger, was walking in the said Target retail store located at 428 Balltown Road, Schenectady, New York, when because of the Defendant's negligence in failing to maintain the premises in a safe and proper condition, a substance was caused to be and remain on the floor causing the floor to become and remain wet, slick and slippery, and Plaintiff, Mary Ann B. Gerstenberger, was caused to slip and fall on the wet, slick and slippery floor, causing her to sustain severe and permanent personal injuries.

23. Defendant owed a duty to Plaintiff, Mary Ann B. Gerstenberger, to use reasonable care to keep the premises in a safe condition and free from wet, slick and slippery substances to those lawfully thereupon.

24. Defendant had actual and constructive knowledge and notice of the unsafe and dangerous condition of the premises.

25. Defendant conducted one's self in such a careless, reckless and negligent manner with respect to the maintenance, operation and control of the premises, that Defendant caused, created and permitted the wet, slick and slippery substance to be and remain on the premises for a long period of time on which Plaintiff, Mary Ann B. Gerstenberger, was walking.

26. Plaintiff's fall and resulting injuries were caused solely by the negligence of the Defendant including but not limited to permitting wet, slick and slippery substances to accumulate on the floor; maintaining the premises in an unsafe and improper condition with wet, slick and slippery substances accumulated on the floor so the floor became wet, slippery and dangerous; failing to remove the wet, slick and slippery substances from the

floor; and failing to warn Plaintiff of the dangerous and unsafe condition existing on the floor.

27. By reason of the negligence of the Defendant, Plaintiff, Mary Ann B. Gerstenberger, was caused to slip and fall on the wet, slick and slippery floor and to sustain severe and permanent injuries including but not limited to: right distal radius fracture in her right wrist, nondisplaced intraarticular extension fracture in her right wrist, severe bruising and swelling of her right wrist, and restricted range of motion in her right wrist and hand.

28. Plaintiff, Mary Ann B. Gerstenberger, has suffered, is still suffering and will continue to suffer great pain and emotional distress as a result of her injuries and has incurred and will continue to incur significant medical expenses to treat her injuries.

29. The aforesaid incident and injuries suffered by Plaintiff, Mary Ann B. Gerstenberger, are a result of the Defendant's negligence without any contributory negligence on the part of the Plaintiff.

30. The Plaintiff reserves the right to rely on the doctrine of *res ipsa loquitur*.

31. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANT, COCA-COLA REFRESHMENTS USA INC., PLAINTIFFS ALLEGE:

32. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs numbered "1" though "31" herein with the same force and effect as if set forth herein at length.

33. On August 11, 2016, Defendant, Coca-Cola Refreshments USA, Inc., operated, controlled and maintained the Coca-Cola machine inside the Target retail store located at

5

428 Balltown Road in the Town of Niskayuna, County of Schenectady and State of New York.

34. On August 11, 2016, Plaintiff, Mary Ann B. Gerstenberger, was lawfully at the Target retail store, and her presence was foreseeable to the Defendant.

35. On August 11, 2016, at approximately 1:30 p.m., Plaintiff, Mary Ann B. Gerstenberger, was walking in the Target retail store located at 428 Balltown Road, Schenectady, New York, when because of the Defendant's negligence in failing to maintain the Coca-Cola machine in a safe and proper condition, a substance was caused to leak from the said machine causing the floor to become and remain wet, slick and slippery, and Plaintiff, Mary Ann B. Gerstenberger, was caused to slip and fall on the wet, slick and slippery floor, causing her to sustain severe and permanent personal injuries.

36. Defendant, Coca-Cola Refreshments USA, Inc., owed a duty to Plaintiff, Mary Ann B. Gerstenberger, to use reasonable care to keep the machine in a safe condition and free from leaks, damage and defects to those lawfully thereupon.

37. Defendant, Coca-Cola Refreshments USA, Inc., had actual and constructive knowledge and notice of the unsafe and dangerous condition of the said machine.

38. Defendant, Coca-Cola Refreshments USA, Inc., conducted one's self in such a careless, reckless and negligent manner with respect to the maintenance, operation and control of the machine, that Defendant caused, created and permitted the wet, slick and slippery substance to be and remain for a long period of time, leaking from the said machine onto the floor on which Plaintiff, Mary Ann B. Gerstenberger, was walking.

39. Plaintiff's, Mary Ann Gerstenberger, fall and resulting injuries were caused solely by the negligence of the Defendant, including but not limited to permitting wet, slick and

5/12/2017     0002221520001     6020170512009843

slippery substances to leak from the machine and onto the floor; maintaining the machine in an unsafe and improper condition; failing to fix the machine to stop the wet, slick and slippery substances from leaking out of the machine and onto the floor; and failing to warn Plaintiff of the dangerous and unsafe condition existing on the floor.

40. By reason of the negligence of the Defendant, Plaintiff, Mary Ann B. Gerstenberger, was caused to slip and fall on the wet, slick and slippery floor and to sustain severe and permanent injuries including but not limited to: right distal radius fracture in her right wrist, nondisplaced intraarticular extension fracture in her right wrist, severe bruising and swelling of her right wrist, and restricted range of motion in her right wrist and hand.

41. Plaintiff, Mary Ann B. Gerstenberger, has suffered, is suffering and will continue to suffer great pain and emotional distress as a result of her injuries and has incurred and will continue to incur significant medical expenses to treat her injuries.

42. The aforesaid incident and injuries suffered by Plaintiff, Mary Ann B. Gerstenberger, are a result of the Defendant's negligence without any contributory negligence on the part of the Plaintiff.

43. The Plaintiff reserves the right to rely on the doctrine of *res ipsa loquitur*.

44. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS, TARGET CORPORATION a/b/a TARGET and COCA-COLA REFRESHMENTS USA INC. a/b/a COCA-COLA, PLAINTIFFS ALLEGE:

45. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs numbered "1" though "44" herein with the same force and effect as if set forth herein at length.

46. At all times herein mentioned, Plaintiff, Rudi Gerstenberger, was and still is the husband of Plaintiff, Mary Ann B. Gerstenberger, and was and still is entitled to her services, society, consortium, companionship, and support.

47. Plaintiff, Rudi Gerstenberger, was and will be deprived of services, society, consortium, companionship, and support, and he was and will continue to incur considerable expenses for the medical treatment, care and expenses of his wife.

48. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiffs demand judgment against Defendants in favor of Plaintiffs on the first cause of action in an amount greater than the jurisdictional amount of all lower courts; on the second cause of action in an amount greater than the jurisdictional amount of all lower courts; and on the third cause of action in an amount greater than the jurisdictional amount of all lower courts; together with the costs and disbursements of the action, and granting any further relief that the Court deems just and proper.

Dated: April 17, 2017.
Albany, New York.

Yours etc.,

Tracy L. Bullett, Esq.
TABNER, RYAN & KENIRY, LLP
*Attorneys for the Plaintiffs*
18 Corporate Woods Boulevard, Suite 8
Albany, New York 12211
Telephone: (518) 465-9500

8